**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CEMENT MASONS' UNION LOCAL NO. 592   : | CIVIL ACTION |
|    PENSION FUND,                    : | NO. |
| CEMENT MASONS' UNION LOCAL NO. 592   : | |
|    WELFARE FUND,                    : | |

CEMENT MASONS' UNION LOCAL NO. 592 :
   PENSION FUND, :  CIVIL ACTION
CEMENT MASONS' UNION LOCAL NO. 592 :  NO.
   WELFARE FUND, :
CEMENT MASONS JOINT APPRENTICESHIP :
   TRAINING FUND OF PHILADELPHIA AND :
   VICINITY, :
GENERAL BUILDING CONTRACTORS :
   ASSOCIATION, INC. INDUSTRY :
   ADVANCEMENT PROGRAM, :
CEMENT MASONS' UNION LOCAL NO. 592 :
   POLITICAL ACTION COMMITTEE, :
MID-ATLANTIC DISTRICT COUNCIL OF :
   PLASTERERS & CEMENT MASONS a/k/a :
   CEMENT MASONS UNION LOCAL NO. 592, :
   and :
DENNIS FIFE, a Fiduciary :
7821 Bartram Avenue, Suite 102 :
Philadelphia, PA 19153, :
                           :
              Plaintiffs, :
                           :
   v. :
                           :
LAKE GLENN ENTERPRISES, INC. :
a/k/a LAKE GLENN ENTERPRISE'S, INC. :
247 Broad Street :
Swedesboro, NJ 08085 :
                           :
             Defendant. :

**COMPLAINT**

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

**JURISDICTION**

1.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C.

§§ 185(a), 1132 and 1145 and 28 U.S.C. § 1367.

2. A copy of this Complaint will be served on the Secretaries of Labor and Treasury by certified mail in accordance with 29 U.S.C. § 1132(h).

**VENUE**

3. Venue lies in the Eastern District of Pennsylvania under 29 U.S.C. § 185(a) or § 1132(e)(2).

**PARTIES**

4. Plaintiff Cement Masons' Union Local No. 592 Pension Fund ("Pension Fund") is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator," and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), for the Cement Masons' Union Local No. 592 Pension Plan ("Pension Plan"). The Pension Fund is also known as and referenced as the "OPCMIA Local Union Pension Fund" in the Labor Agreement(s) relating to this complaint.

5. Plaintiff Cement Masons' Union Local No. 592 Welfare Fund ("Welfare Fund") is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator," and "plan sponsor" and each is an individual "fiduciary," within the meaning of within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), for the Cement Masons' Union Local No. 592 Welfare Plan ("Welfare Plan"). The Welfare Fund is also known as and referenced as the "Cement Masons & Plasterers Local Union No. 592 Health and Welfare Fund" in the Labor Agreement(s) relating to this complaint.

6. Plaintiff Cement Masons Joint Apprenticeship Training Fund of Philadelphia and Vicinity ("Apprenticeship Fund" and, together with Pension Fund and Welfare Fund, "ERISA Funds") is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator," and "plan sponsor" within the meaning of 29 U.S.C. §§

1102(a), 1002(16), (21) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (l), (2) and (3). The Apprenticeship Fund is also known as and referenced as the "Plasterers and Cement Masons Joint Apprenticeship Training Fund(s)" in the Labor Agreement(s) relating to this complaint.

7. Plaintiff General Building Contractors Association Inc. Industry Advancement Program ("IAP") is a fund established by the General Building Contractors Association, Inc. for the purpose of fostering and advancing the interest of the general building construction industry in the Philadelphia metropolitan area.

8. Plaintiff Cement Masons' Union Local No. 592 Political Action Committee ("PAC" and jointly with the IAP, "Associations") is an unincorporated association established pursuant to 2 U.S.C. § 431 et seq. for the purpose of advancing the political interests of the members of the Union by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office.

9. Plaintiff Mid-Atlantic District Council of Plasterers & Cement Masons, a/k/a Cement Masons Union Local No. 592 ("Union"), is an unincorporated association commonly referred to as a labor union and is an employee organization that represents, for purposes of collective bargaining, employees of Lake Glenn Enterprises, Inc. a/k/a Lake Glenn Enterprise's, Inc. ("Company" or "Defendant"), who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§ 152(5), (6) and (7), 185(a) and 1002(4), (11) and (12). The Union is the authorized collection agent for PAC and IAP and is authorized to collect all monies due and owing to them, including field dues check-off.

10. The ERISA Funds, Associations, and Union maintain their principal place of business and are administered from offices located in the Eastern District of Pennsylvania.

3

11.     Plaintiff Dennis Fife ("Fife" and together with the ERISA Funds, Associations, and Union, "Plaintiffs") is a fiduciary with respect to the ERISA Funds within the meaning of 29 U.S.C. § 1002(21), Chairman of the PAC, and President and Business Manager of the Union, with a business address as listed in the caption. He is authorized to bring this action on behalf of all Trustees of the ERISA Funds, the PAC, and the Union. He is trustee ad litem for the IAP in connection with this action.

12.     Defendant Lake Glenn Enterprises, Inc. a/k/a Lake Glenn Enterprise's, Inc. ("Company" or "Defendant"), is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office or registered agent at the address listed in the caption. Based on publicly available information, Company is a Pennsylvania corporation registered under the name Lake Glenn Enterprise's, Inc.

## COMMON FACTS

13.     At all times relevant to this action, Defendant was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) with the Union (singly or jointly, "Labor Contract"). A copy of the Labor Contract to which Company is bound is attached to this complaint as Exhibit 1.

14.     By entering into the Labor Contract, Defendant also signed or agreed to abide by the terms of the trust agreements of the ERISA Funds, as from time to time amended (jointly referred to as "Trust Agreements"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations.

15.     Under the Labor Contract or Trust Agreements and applicable law, Defendant is required:

4

a. To make full and timely payments on a regular basis to the ERISA Funds, Union and Associations as required by the Labor Contract;

b. To file timely remittance reports with the ERISA Funds detailing all employees or work for which contributions were required under the Labor Contract;

c. To produce, upon request by the ERISA Funds individually or jointly, all books and records deemed necessary to conduct an audit of their records concerning their obligations to the ERISA Funds, Union, and Associations; and

d. To pay liquidated damages, interest and all costs of litigation, including attorneys' fees, expended by the ERISA Funds, Union, and Associations to collect any amounts due as a consequence of the Defendant's failure to comply with its contractual obligations described in Subparagraphs (a), (b), and (c).

16. Based on a payroll compliance audit of Company's books and records, Company failed to timely submit payment of benefit contributions to the Funds for the period February 1, 2023, through May 31, 2024. Accordingly, Company owes the Funds *at least* $34,557.97 in contributions, plus interest, liquidated damages, and audit costs. A copy of the payroll compliance audit report that was sent to Company is attached as Exhibit 2.

17. The Funds' auditors, Fund Office, and Funds' collections counsel all sent letters to Company that demanded payment of the aforementioned delinquency.

18. Company acknowledged its debt to the Funds by requesting resolution by settlement agreement. On October 7, 2025, and February 2, 2026, the Funds' collections counsel forwarded to Company's known email address a proposed settlement agreement. However, Company did not respond. To date, Company's delinquency to the Funds remains unpaid.

5

19.    Under the terms of the Labor Contract, interest continues to accrue on contributions until they are paid. The Labor Contract also requires Company to pay the attorney costs and fees incurred in the collection of delinquent contributions.

20.    All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

**COUNT I - CONTRIBUTIONS DUE UNDER CONTRACT**

**PLAINTIFFS**
**v.**
**DEFENDANT**

21.    The allegations of Paragraphs 1 through 20 are incorporated by reference as if fully restated.

22.    Defendant failed to timely make complete contributions to the Plaintiffs as required by the Labor Contract or Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

23.    Based upon information currently available to the Plaintiffs, Company failed to pay amounts due under the Labor Contract, Trust Agreements, and Plan in at least the amount of $44,994.52 in violation of 29 U.S.C. § 1145. This consists of $34,557.97 in contributions plus $4,600.75 in interest, $3,455.80 in liquidated damages, and $2,380.00 in audit costs pursuant to the Labor Contract. The Labor Contract also requires Company to pay the attorney costs and fees incurred in the collection of delinquent contributions.

24.    The Plaintiffs have been damaged by Defendant's failure to make contributions as required by the Labor Contract or Trust Agreements.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)    Enter judgment against the Defendant in favor of the Plaintiffs individually for the amount of contributions owed, together with liquidated damages, interest and

costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(2)    Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II – CONTRIBUTIONS DUE UNDER ERISA

### ERISA FUNDS
### v.
### DEFENDANT

25.    The allegations of Paragraph 1 through 24 are incorporated by reference as if fully restated.

26.    Defendant failed to make contributions to the ERISA Funds in violation of 29 U.S.C. § 1145 in a period not barred by any applicable statute of limitations or similar bar.

27.    Based on information currently available to the ERISA Funds, Defendant failed to timely pay amounts due under the Labor Contracts, Trust Agreements and Plan from February 2023 through May 2024 in violation of 29 U.S.C. § 1145.

28.    The ERISA Funds have been damaged by Defendant's violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)    Enter judgment against Defendant in favor of the ERISA Funds individually for the contributions found due and owing, together with interest at the rate prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document or statute, and reasonable attorneys' fees and costs

7

incurred in this action and in connection with any proceeding to enforce or collect any judgment; and

        (2)    Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

KROLL HEINEMAN PTASIEWICZ PARSONS & JAMESON LLC

Dated: May 6, 2026        BY: /s/ Maureen W. Marra
        MAUREEN W. MARRA (ID No. 309865)
        91 Fieldcrest Avenue, Suite 35
        Edison, NJ 08837
        (732) 491-2113
        mmarra@krollfirm.com
        *Attorney for Plaintiffs*